**THIERMAN BUCK LLP**
MARK R. THIERMAN, SB# 72913
JOSHUA D. BUCK, SB# 258325
LEAH L. JONES, SB# 276448
7287 Lakeside Drive
Reno, NV 89511
Tel: 775.284.1500
Fax: 775.703.5027
info@thiermanbuck.com

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARTINEZ, on behalf of herself and all other similarly situated individuals, | Case No. |
| Plaintiff, | **COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT** |
| vs. | 1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq; |
| JOHN MUIR HEALTH, and DOES 1 through 50, inclusive, | 2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; |
| Defendants. | 3) Failure to Pay Minimum Wages in Violation of the California Labor Code; |
| | 4) Failure to Pay Overtime Wages in Violation of the California Labor Code; |
| | 5) Meal and Rest Period Violations; |
| | 6) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code; |
| | 7) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; |
| | 8) Violating Private Attorney Generals Act; and |
| | 9) Unfair Business Practices. |
| | **JURY TRIAL DEMANDED** |

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

- 1 -
COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff KAREN MARTINEZ ("Plaintiff"), on behalf of herself, the general public, and all other similarly situated and typical persons, alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has or will shortly file with this court a consent to join this action.

2.      This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.      Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Contra Costa County, California, which is located within this district.

## PARTIES

4.      Plaintiff KAREN MARTINEZ is natural person was employed by Defendant within the State of California for 19 years from May 1, 1997 to February 19, 2016.

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

5.     Defendant JOHN MUIR HEALTH ("John Muir" or "Defendant") is a California corporation with its principle place of business at 1400 Treat Boulevard, Walnut Creek California, 94597.

6.     The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.  Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "John Muir" herein shall mean "Defendants and each of them."

## PROCEDURAL POSTURE

7.     Plaintiff filed the requisite letter to California's Labor Workforce Development Agency (LWDA) on October 13, 2016 pursuant to California Labor Code § 2699, *et seq*.  A true and correct copy of the PAGA letter and enclosed draft complaint is attached hereto as Exhibit 1.

8.     Plaintiff's PAGA notice was assigned "LWDA Case No. LWDA-CM-162015-16. A true and correct copy of the PAGA letter confirmation is attached hereto as Exhibit 2.

9.     Upon receipt of the Plaintiff's PAGA letter, John Muir contacted Plaintiff's counsel and the parties agreed to toll the statute of limitations on the claims of Plaintiff and all members of the putative class that she seeks to represent so as to engage in early settlement discussions. The tolling period commenced on October 13, 2016.

10.     Pursuant to the parties' tolling agreement, Plaintiff notified Defendant of its intent to terminate the tolling agreement on September 11, 2017.

11.     Pursuant to the parties' tolling agreement, Plaintiff and all members of the putative class continued to enjoy the tolling of their statute of limitations up to and including the date of October 11, 2017.

## FACTUAL ALLEGATIONS

12.     John Muir is a not-for-profit corporation that operates primarily in Contra Costa County.  Plaintiff was employed by John Muir as a Case Manager.  Plaintiff was an hourly paid non-exempt employee and earned $78.00 per hour. Her regular schedule was 8:00 a.m. to 4:30

p.m., with a 30-minute unpaid meal period.  In addition to her hourly rate of pay, Plaintiff, and all other similarly situated individuals, also received the following non-discretionary bonuses ("Bonuses") from Defendant:

a.   **Success Sharing Bonus**: This is a yearly bonus given to all non-exempt employees based on the Defendant's financial success for the year;

b.   **Certification Bonus**: This is a yearly bonus given to all non-exempt employees whose job position requires a certification credential; and

c.   **Top Range Bonus**: This is a yearly bonus given to all non-exempt employees who are at the top of the pay scale and no longer receive yearly base rate wage increases.

Upon information and belief, none of these Bonuses were not included in the regular rate of pay for overtime payment calculations for Plaintiff or any other member of the putative class members identified below.  Plaintiff regularly worked overtime over 8-hours in a workday and over 40 hours in a workweek.

13.   Beginning on or about the fall of 2013, Defendant instituted cost cutting measures that decreased Defendant's labor force but substantially increased the employee to patient ratio.  As a result of this policy change, Plaintiff and all other similarly situated employees, were required to perform numerous work duties "off the clock" so as to meet the new patient metrics.  Plaintiff and all other similarly situated individuals would clock out at the end of the workday and would continue to input patient notes and process insurance claims.

14.   Defendant maintained an electronic system called EPIC by which Plaintiff and all other similarly situated employees would record their notes and process insurance claims. The EPIC system would record the times in which Plaintiff and all other similarly situated employees would be entering data into the system. Defendant engaged Plaintiff and all others similarly situated to make entries into the EPIC system while at the employer's place of employment.

15.   Defendant and Defendant's agents were aware that Plaintiff and all other similarly situated employees were working without compensation because employees were

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

physically present at Defendant's facility and the EPIC system recorded the time when Plaintiff and similarly situated employees were working.

16.    When comparing the difference between the time entries from EPIC to the time entries in the KRONOS (the electronic system used to record employee work hours for payroll purposes), Plaintiff and all other similarly situated employees worked a significant amount of time "off-the-clock".

17.    Despite knowing that Plaintiff and other similarly situated individuals were performing work off-the-clock and without compensation, Defendant failed to prevent the performance of such work. Defendant suffered and permitted Plaintiffs to continue doing uncompensated work that they were engaged to perform.  In fact, Defendant's new cost cutting policy and increased employee to patient ratio resulted in even more the off-the-clock work being performed without compensation.

18.    Plaintiff estimates that she was required to work approximately 300 hours off the clock and is owed approximately $30,000 in unpaid wages.

19.    In addition to suffering and permitting Plaintiff and all other similarly situated employees to perform work without compensation, John Muir also violated California's meal and rest break law by not providing a meal period within the requisite number of hours after the start of a shift; failing to provide a second meal period within the time proscribed by law, and by not permitting a full 30-minute uninterrupted meal period.

**COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION ALLEGATIONS**

20.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

21.    Plaintiff brings this action on behalf of herself and all other similarly situated and typical employees employed in California as both a collective action under the FLSA and a true class action under California law.

22.    Plaintiff brings this action on behalf of herself and the following **FLSA Classes**:

    a.    **FLSA Regular Rate Class:** All nonexempt hourly paid employees employed by Defendant who received a non-discretionary bonus at any time

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

- 5 -
COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

during the period of October 13, 2013 through to the date of judgment after trial.

b. **FLSA Off the Clock Class:** All nonexempt hourly paid employees employed by Defendant who worked off the clock as demonstrated by the comparison between the EPIC electronic system and KRONOS at any time during the period of October 13, 2013 through to the date of judgment after trial.

23. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

a. Defendants employed Plaintiff as an hourly-paid employee who did not receive her wages and, where applicable, overtime premium pay at one and one half times the regular rate of pay for all hours worked over forty (40) hours in a workweek.

b. Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Off the Clock Members for all time they were required to work, but with the knowledge acquiescence and/or approval (tactic as well as expressed) of Defendants' managers and agents, and Defendants failed to pay Plaintiff and all other FLSA Regular Rate Class Members their correct overtime rate when they worked over 40 hours in a workweek.

c. Common questions exist as to: 1) Whether Plaintiff and all other FLSA Off the Clock Class Members worked off the clock and without compensation and 2) Whether Defendant failed to pay Plaintiff and FLSA Regular Rate Class Members their correct overtime rate of pay.

d. Upon information and belief, Defendants employ, and has employed, in excess of 1,000 FLSA Class Members within the applicable statute of limitations.

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

e.   Plaintiff has signed a Consent to Sue form, which attached hereto as Exhibit 3.  Consent to sue forms are not required for state law claims under Rule 23 of the Nevada Rules of Civil Procedure.

24.   Plaintiff brings this action on behalf of herself and the following **California Classes**:

a.   **California Regular Rate Class:** All nonexempt hourly paid employees employed by Defendant who received a non-discretionary bonus at any time during the period of October 13, 2012 through to the date of judgment after trial.

b.   **California Off the Clock Class:** All nonexempt hourly paid employees employed by Defendant who worked off the clock as demonstrated by the comparison between the EPIC electronic system and KRONOS at any time during the period of October 13, 2012 through to the date of judgment after trial.

c.   **California Meal/Rest Break Class:** All nonexempt hourly paid employees employed by Defendant at any time during the period of October 13, 2013 through to the date of judgment after trial.

25.   These Classes may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Subclasses" or "Subclass Members"):

a.   **Itemized Wage Statement Subclass:**   All Class Members who were employed at any time during the period of October 13, 2015 through to the date of judgment after trial.

b.   **Waiting Time Penalties Subclass:** All Class Members who were employed at any time during the period of October 13, 2013 through to the date of judgment after trial.

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

c. **PAGA Subclass:** All Class Members who were employed at any time during the period of October 13, 2015 through to the date of judgment after trial.

26. Class treatment is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 1,000 Class Members within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Class as well as their numerosity.

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, without limitation:

1) Whether Defendant failed to compensate Plaintiff and all members of the Class at the correct overtime rate by failing to include the Bonuses into the regular rate;

2) Whether Defendant failed to compensate Plaintiff and members of the Class for all the hours that they worked;

3) Whether Defendant's policy of not including the hours worked in a pay period on the pay stub violates the itemized wage statement provisions of the California Labor Code and the Orders of the California Industrial Wage Commission; and

4) Whether Defendant willfully failed to pay Class Members all wages due and owing at the time of termination.

C. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Plaintiff was not paid overtime on the Bonuses that were paid to members of the Class and performed work off the clock without compensation. Plaintiff's claims are typical to those of the class that she seeks to represent. In addition, Defendant did not give Plaintiff and Class Members accurate wage statements to reflect their hours worked, rate

of pay, and overtime compensation; and Defendant has not timely remit all wages due and owing to Plaintiff and Class Members who are former employees upon their termination.

        D.    <u>Plaintiff is an Adequate Representative of the Class</u>:  Plaintiff will fairly and adequately represent the interests of Class Members because Plaintiff is a member of the Class, she has common issues of law and fact with all members of the Class, and her claims are typical to other Class Members.

        E.    <u>A Class Action is Superior/Common Claims Predominate</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

(On Behalf of Plaintiffs and all members of the FLSA Off the Clock Class Against Defendants)

27.    Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

28.    Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and all FLSA Off the Clock Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

29.    Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

30. By failing to compensate Plaintiff and FLSA Off the Clock Class Members for all the time they were suffered and/or permitted to work, Defendants failed to pay Plaintiffs and the CLASS Members for all hours worked.

31. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

32. Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendants pay Plaintiff and all other members of the FLSA Off the Clock Class the minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On Behalf of Plaintiffs and all members of the FLSA Off the Clock Class and the FLSA Regular Rate Class Against Defendants)

33. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

34. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

35. By failing to compensate Plaintiff and FLSA Off the Clock Class Members for all the time they were suffered and/or permitted to work, Defendants failed to pay Plaintiffs and FLSA Off the Clock Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

36.     By failing to include the non-discretionary bonuses into the regular rate of pay for Plaintiff and member of the FLSA Regular Rate Class, Defendants failed to pay Plaintiffs and FLSA Regular Rate Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

37.     Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendants pay Plaintiff and FLSA Off the Clock and Regular Rate Class Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages for All Hours Worked**

(On Behalf of Plaintiff and the California Off the Clock Class Against Defendants)

38.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39.     California Labor Code (hereinafter referred to as "Labor Code") § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.     Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful." Section 4 of applicable Wage Order No. 9 requires Defendants to pay its employees minimum wages for all hours worked.

41.     Because Defendant failed to compensate Plaintiff and Class Members for their hours worked off the clock as set forth above, Defendant failed to pay Plaintiff and Class Members the required minimum wage rate for each hour worked.

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

42.     Labor Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

43.     Plaintiff and Class Members should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period.  Defendant therefore owes Plaintiff and Class Members regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiff and Class Members the amounts owed.

44.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiff and Class Members have sustained damages and been deprived of minimum wages and regular wages that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194, and 1194.2.  Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

45.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all Class Members pursuant to Labor Code § 1179.1 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

46.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all Class Members pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages for All Hours Worked

(On Behalf of Plaintiff and the California Off the Clock Class and the California Regular Rate Class Against Defendant)

47.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

48.     Labor Code §§ 510 and 1198, and Section 3 of applicable Wage Order No. 9, mandate that California employers pay overtime compensation at one and one half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated

at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

49.     Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

50.     Because Defendant failed to compensate Plaintiff and Class Members for their hours worked off the clock as set forth above, Defendant failed to pay Plaintiff and Class Members overtime compensation when due.

51.     Also, because Defendant failed to include the Bonuses into the regular rate of pay in calculating the overtime rate for Plaintiff and Class Members as set forth above, Defendants failed to pay Plaintiff and Class Members their correct overtime rate.

52.     Wherefore, Plaintiff demands for herself and for Class Members that Defendant pay Plaintiff and Class Members overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law. Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

53.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all Class Members pursuant to Labor Code § 558 as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

### FIFTH CAUSE OF ACTION

### Failure to Provide Meal/Rest Breaks

(On Behalf of Plaintiff and the California Meal/Rest Break Class Against Defendant)

54.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55.     Section 11 of the applicable Wage Order states, in relevant part: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

56.     Labor Code § 226.7 states that: "a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for

each work day that the meal or rest period is not provided."   California Labor Code § 229 provides for a private right of action to enforce the provisions of Labor Code 226.7.

57.   Labor Code § 512 provides in relevant part: "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ."

58.   As described above and demonstrated by the comparison of the EPIC and KRONOS electronic records, Plaintiff and California Meal/Rest Break Class Members routinely worked through meal and/or rest periods as required by Defendant, but were not compensated for the missed meal and/or rest period pursuant to 226.7.

59.   Wherefore, Plaintiff demands payment for herself and all California Meal/Rest Break Class Members one hour pay per day for every missed mandatory meal and/or rest period, together with attorneys' fees, costs, penalties, and interest as provided by law.

## SIXTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

(On Behalf of Plaintiff and the Wage Statement Subclass Against Defendant)

60.   Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61.   Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, inter alia, hours worked, to Plaintiff and Class Members in accordance with Labor Code § 226(a) and applicable Wage Order No. 9.  Such failure caused injury to Plaintiff and Class Members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

62.   Plaintiff's good faith estimate of the number of pay periods in which Defendant failed to provide accurate itemized wage statements to Plaintiff and Class Members is each and every pay period during the Class Period.

63.   Plaintiff and the Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

64.    Defendant is also subject to civil penalties for Labor Code §§ 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation . . . ." as provided by Labor Code §§ 226.3.  These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

65.    Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiff further demands the Defendant be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

### SEVENTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing**

(On Behalf of Plaintiff and the Waiting Time Penalties Subclass Against Defendant)

66.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

67.    Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

68.    Class Members who ceased employment with Defendant are entitled to unpaid compensation for unpaid minimum, regular, and overtime wages, as alleged above, but to date have not received such compensation.    Defendant's failure to pay such wages and

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

69.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Class Members whose employment ended within the last three years from the filing of this complaint are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Violating California Private Attorney General Act

(On Behalf of Plaintiff and the PAGA Subclass Against Defendant)

70.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71.     Labor Code § 2699(a) states:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

72.     Plaintiff and Class Members are "aggrieved employees" as that term is defined in the California Labor Code Private Attorney General Act of 2004, because they are current or former employees of the alleged violator and against whom one or more of the alleged violations was committed.

73.     As outlined above, Plaintiff has met all the notice requirements set forth in Labor Code § 2699.3 necessary to commence a civil action.

74.     Plaintiff brings this action on behalf of herself and all aggrieved employees who were subject to Defendant's failure to pay Plaintiff and aggrieved employees for all hours they worked at the applicable minimum, regular, and overtime wage rate; its failure to comply with California's meal and rest break laws; its failure to provide accurate wage statements; and its

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

failure to pay Plaintiff and aggrieved employees who are former employees all their wages due and owing upon termination.

75.     Plaintiff, on behalf of herself and in a representative capacity on behalf of all members of the PAGA aggrieved employee Class, demand the maximum civil penalty specified in Labor Code § 2699 in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved member of the Class per period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation for violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and 1198.

76.     These penalties are recoverable in addition to any other civil penalty separately recoverable by law.

### NINTH CAUSE OF ACTION

### Unfair Business Practices

(On Behalf of Plaintiff and the Class Against Defendant)

77.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

78.     By the conduct described throughout this Complaint, Defendant has violated the provisions of the California Labor Code as specified and have engaged in unlawful, deceptive, and unfair business practices prohibited by California Business & Professions Code § 17200, *et seq*.  Defendant's use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors.

79.     The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendant's current employees as well as other members of the general public.  Plaintiff and Class Members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits.  Accordingly, Plaintiff and the Class Members request a preliminary and permanent injunction prohibiting Defendant from the unfair practices complained of herein.

80.     Defendant generated income as a direct result of the above-mentioned unlawful and unfair business practices.   Plaintiff and the Class Members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair and unlawful practices complained of herein.

81.     As a result, Plaintiff and Class Members seek restitution of their unpaid wages, unpaid overtime, meal and rest break pay, itemized wage statement penalties, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof. Plaintiff seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendant.

## JURY DEMAND

Plaintiff KAREN MARTINEZ hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all Class Members and all others similarly situated, prays for relief as follows relating to her class and representative action allegations:

1.     For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class members so they may participate in the lawsuit;

2.     For an order certifying this action as a class action on behalf of the proposed Classes;

3.     For an order appointing Plaintiff as the Representative of the Class and her counsel as Class Counsel;

4.     For damages according to proof for regular rate or minimum rate pay, whichever is higher, for all hours worked under both federal and California law;

5.     For damages according to proof for overtime compensation for all overtime hours worked under both federal and California law;

6.     For liquidated damages;

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

7.      For one hours pay at the regular rate or minimum rate pay, whichever is higher, for every missed and/or inadequate meal period;

8.      For waiting time penalties;

9.      For civil penalties;

10.     For PAGA penalties;

11.     For interest as provided by law at the maximum legal rate;

12.     For reasonable attorneys' fees authorized by statute;

13.     For costs of suit incurred herein;

14.     For pre-judgment and post-judgment interest, as provided by law, and

15.     For such other and further relief as the Court may deem just and proper.


DATED: October 6, 2017                    THIERMAN BUCK LLP


                                          s/Joshua D. Buck
                                          Mark R. Thierman
                                          Joshua D. Buck
                                          Leah L. Jones

                                          Attorneys for Plaintiff

## **Index of Exhibits**

1. PAGA Letter

2. PAGA Confirmation

3. Consent to Join

COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION COMPLAINT

Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com