IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARTINEZ, individually and on behalf of similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN MUIR HEALTH,<br><br>　　　　Defendant. | Case No. 17-cv-05779-CW<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT<br><br>(Dkt. No. 14) |

Plaintiff Karen Martinez, on behalf of a putative class, brings this wage and hour suit against Defendant John Muir Health. Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendant moves for an order requiring Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff filed an opposition and Defendant filed a reply. The Court hereby GRANTS IN PART Defendant's motion to dismiss or, in the alternative, for a more definite statement.

## FACTUAL BACKGROUND

Unless otherwise noted, the factual background is taken from the allegations of the first amended complaint (FAC), which are taken as true for purposes of this motion. Docket No. 13 (FAC).

Defendant is a non-profit corporation operating primarily in

1  Contra Costa County.  Plaintiff was employed by Defendant as a
2  Case Manager from May 1, 1997 to February 19, 2016.  She was an
3  hourly-paid, non-exempt employee earning $79.97 per hour at the
4  time of her termination.  She received the following non-
5  discretionary bonuses from Defendant: (1) a "Success Sharing
6  Bonus," which is a yearly bonus given to all non-exempt employees
7  based on Defendant's financial success for the year; (2) a
8  "Certification Bonus," which is a yearly bonus given to all non-
9  exempt employees whose job positions require a certification
10 credential; and (3) a "Top Range Bonus," which is a yearly bonus
11 given to all non-exempt employees who are at the top of the pay
12 scale and no longer receive yearly base rate wage increases.
13     Plaintiff's regular work schedule was 8:00 am to 4:30 pm.
14 She alleges that, beginning in fall 2013, Defendant instituted
15 cost-cutting measures that increased the employee-to-patient
16 ratio.  As a result, Plaintiff and other employees "were required
17 to perform numerous work duties 'off the clock' so as to meet the
18 new patient metrics."  For example, Plaintiff and other employees
19 would clock out at the end of the workday but would continue to
20 input patient notes and process insurance claims.  Plaintiff
21 alleges that she worked off the clock each and every workday.
22     Plaintiff asserts that the amount of overtime she is due for
23 working off the clock can be calculated using certain electronic
24 systems used by Defendant.  Defendant maintains two such systems,
25 EPIC and MIDAS, which Defendant's employees use to record and
26 document patient care notes.  Both EPIC and MIDAS track the times
27 at which employees enter data into those systems.  Defendant
28 requires employees to use another electronic system, KRONOS, to

2

1  clock in and out for purposes of timekeeping for payroll.
2  Plaintiff asserts that the amount of overtime she worked can be
3  calculated by comparing the time entries from EPIC and MIDAS with
4  the time entries in KRONOS. Plaintiff estimates that she was
5  required to work approximately 300 hours off the clock and thus
6  is owed approximately $30,000 in unpaid wages.

7  Plaintiff alleges that, despite knowing that Plaintiff and
8  other employees were performing work off the clock and without
9  compensation, Defendant failed to prevent the performance of such
10 work. Plaintiff alleges that Defendant knew that employees such
11 as Plaintiff were working without compensation because
12 Defendant's agents witnessed them doing so at Defendant's
13 facility and because Defendant's own electronic systems showed
14 that employees were working off the clock.

15 Plaintiff also regularly worked more than five hours without
16 taking a meal or rest period. Defendant discouraged Plaintiff
17 and other employees from taking meal or rest periods by
18 emphasizing (such as in performance reviews) that the patient is
19 the primary focus of the team and that employees must provide
20 competent, compassionate, and timely care.

21 Plaintiff filed this suit on October 6, 2017. Docket No. 1.
22 Sometime after Plaintiff filed suit, the parties scheduled a
23 mediation to attempt to resolve this case.[1] Defendant

---

[1] In her opposition to the present motion, Plaintiff refers to information Defendant provided in furtherance of the mediation. See Opp at 4; see generally Declaration of Joshua D. Buck (Buck Decl.). Defendant argues that this violates Rule 408, which prohibits statements made during compromise negotiations used for the purpose of proving or disproving the validity or amount of a disputed claim. Accordingly, the Court does not consider this information.

3

unilaterally withdrew from the mediation three days before the scheduled date. Buck Decl. ¶ 6. Shortly thereafter, Defendant began calling current employees into "interrogation sessions" where it offered "nuisance value" to employees owed significant damages. Defendant presented these employees with a letter requesting them to waive their claims for a net sum of $1,000 per employee. See FAC, Ex. 4. The letters do not provide the amount of overtime owed each employee. Plaintiff alleges that these letters are invalid and violate the Fair Labor Standards Act (FLSA).

On November 17, 2017, Defendant filed a motion to dismiss. Docket No. 10. In lieu of filing an opposition to Defendant's motion, Plaintiff filed the FAC. Docket No. 13; see also Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's FAC alleges nine causes of action: (1) failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207; (2) failure to pay minimum wages for all hours worked; (3) failure to pay overtime wages for all hours worked; (4) failure to provide meal and rest breaks; (5) failure to provide accurate wage statements; (6) failure to timely pay all wages due; (7) recovery under the California Private Attorney General Act (PAGA); (8) interfering with court process by failing to disclose amounts due in negotiating individual settlements; and (9) unfair business practices. On December 15, 2017, Defendant again moved to dismiss. Docket No. 14.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state

4

a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

A party may also move for a more definite statement of a complaint "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." Id.

DISCUSSION

I. Motion to Dismiss

1  Defendant moves to dismiss all nine asserted causes of
2  action for failure to state a claim.
3      A.   First, Second, and Third Causes of Action
4  Defendant first asserts that Plaintiff's first, second, and
5  third causes of action fail because they do not contain the
6  degree of specificity required to state claims for failure to pay
7  minimum or overtime wages under the FLSA and the California Labor
8  Code.  In Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th
9  Cir. 2014), as amended (Jan. 26, 2015), the Ninth Circuit
10 considered this issue with respect to the FLSA for the first time
11 post-Twombly and Iqbal.  Id. at 641.  The court held that, "in
12 order to survive a motion to dismiss, a plaintiff must allege
13 that she worked more than forty hours in a given workweek without
14 being compensated for the overtime hours worked during that
15 workweek."  Id. at 644-45.  The court warned, however, that
16 detailed facts are not required and that the pleading should be
17 "evaluated in the light of judicial experience."  Id. at 645.
18 Moreover, the plausibility of a claim is "context-specific."  Id.
19 A plaintiff may establish a plausible claim in a number of ways,
20 for example, "by estimating the length of her average workweek
21 during the applicable period and the average rate at which she
22 was paid, the amount of overtime wages she believes she is owed,
23 or any other facts that will permit the court to find
24 plausibility."  Id.  A plaintiff is not required to approximate
25 the number of overtime hours she worked, however.  Id.  The Ninth
26 Circuit noted this was unnecessary: "After all, most (if not all)
27 of the detailed information concerning a plaintiff-employee's

1 compensation and schedule is in the control of the defendants."
2 Id.
3      Here, Plaintiff has alleged sufficient facts to "nudge[]
4 [her] claims across the line from conceivable to plausible."
5 Twombly, 550 U.S. at 570.  Plaintiff explains that she is owed
6 overtime for the time spent inputting information into EPIC and
7 MIDAS that occurred after she had clocked out of KRONOS.  She
8 further explains that her base rate of pay was too low because it
9 did not include certain non-discretionary bonuses that she
10 received.  Plaintiff also estimated the length of her average
11 workweek, the rate at which she was paid, and the amount of
12 overtime wages she believes she is owed, as well as numerous
13 other supporting details.  Accordingly, Plaintiff's complaint
14 provides Defendant with adequate notice of her first three causes
15 of action.  Plaintiff does not merely "parrot the statutory
16 language of the FLSA," as Defendant suggests.  Landers, 771 F.3d
17 at 643 (citing Dejesus v. HF Management Services, 726 F.3d 85, 89
18 (2d Cir. 2013)).
19      Defendant also contends that Plaintiff does not sufficiently
20 allege that Defendant knew or should have known that Plaintiff
21 and others were working off the clock.  Brinker Rest. Corp. v.
22 Superior Court, 53 Cal. 4th 1004, 1051 (2012) (noting that
23 "liability is contingent on proof [the defendant] knew or should
24 have known off-the-clock work was occurring.").  But Plaintiff
25 specifically alleges that Defendant and its agents observed
26 Plaintiff and other employees inputting information into EPIC and
27 MIDAS after their shifts ended.  Plaintiff also alleges that
28 Defendant maintains records that would show that Plaintiff and

7

others were not being compensated for overtime, i.e., the EPIC, MIDAS, and KRONOS time entries.  Plaintiff need not allege more.

Defendant additionally asserts that Plaintiff's complaint does not state why Plaintiff did not clock overtime for the additional time she spent inputting information into EPIC and MIDAS, despite the fact that she knew how.  Defendant points to a pay stub Plaintiff attached to her complaint, which shows that she clocked overtime and received compensation for that overtime. But Plaintiff alleges in her complaint that Defendant instituted cost-cutting measures that increased the employee-to-patient ratio.  As a result, Plaintiff and other employees "were required to perform numerous work duties 'off the clock' so as to meet the new patient metrics."  Considering these allegations and making all appropriate inferences in Plaintiff's favor, the Court finds that Plaintiff adequately alleges that she felt pressured by Defendant's policies to input information into EPIC and MIDAS after hours, without tracking it as overtime.  Moreover, Plaintiff is not required under the relevant statutes or Landers to explain exactly why she did not clock overtime, even though doing so may increase the plausibility of her claim.  She must only allege that she worked overtime without being compensated and that Defendant knew or should have known of this fact. Because Plaintiff has already done so, Defendant's argument on this point is not persuasive.

B.   Fourth Cause of Action

Defendant asserts that Plaintiff's fourth cause of action for failure to provide meal and rest breaks also fails to state a claim.  Specifically, Defendant argues that Plaintiff

insufficiently explains "how or why Plaintiff and the proposed class were deprived of meal breaks" and instead "recites only the statutory language." Motion at 8.

Plaintiff, however, does allege that Defendant discouraged taking rest and lunch breaks by emphasizing in performance reviews and policies that patient care should be the priority. Plaintiff also alleges that Defendant instituted cost-cutting measures that increased the employee-to-patient ratio, which interfered with taking rest and lunch breaks. Making all inferences in Plaintiff's favor, this is sufficient to state a claim.

C.  Fifth Cause of Action

With respect to Plaintiff's fifth cause of action for failure to provide accurate wage statements, Defendant asserts that Plaintiff does not say what was unlawful about Defendant's wage statements. But Plaintiff explains in her first through fourth causes of action how she was underpaid, and she alleges that other employees were similarly underpaid. Thus, according to Plaintiff's allegations, Defendant issued incorrect wage statements reflecting the underpaid amount. As both parties acknowledge, this cause of action depends on Plaintiff's first through fourth causes of action. Because those claims survive Defendant's motion to dismiss, Plaintiff's fifth claim also survives.

D.  Sixth, Seventh, and Ninth Causes of Action

Defendant challenges that Plaintiff's sixth, seventh, and

9

ninth causes of action are not sufficiently plead. As with Plaintiff's fifth cause of action, the parties agree that these claims are derivative of Plaintiff's other claims. Again, because Plaintiff's other claims survive, these claims also survive.

E.   Eighth Cause of Action

At the hearing, Plaintiff clarified that her eighth cause of action seeks declaratory judgment that settlements and releases obtained by Defendant from putative class members should be invalidated. Defendant asserts that Plaintiff's eighth cause of action fails because it is (1) unripe and (2) insufficiently plead.

Defendant argues that this cause of action is not ripe because the FAC does not allege that Plaintiff was offered an individual settlement or release. Thus, Defendant argues that this claim is "too speculative for resolution" because it rests upon a series of contingencies; namely, that Defendant will seek to enforce a settlement against a signatory who opts into the FLSA class. W. Oil & Gas Ass'n v. Sonoma Cty., 905 F.2d 1287, 1289 (9th Cir. 1990). Defendant's argument actually raises a similar, but distinct, constitutional concern: standing. It is well-established that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). "That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they

1 personally have been injured, not that injury has been suffered
2 by other, unidentified members of the class to which they belong
3 and which they purport to represent." Lewis v. Casey, 518 U.S.
4 343, 357 (1996) (internal quotation marks and alterations
5 omitted). See also Bates v. United Parcel Serv., Inc., 511 F.3d
6 974, 985 (9th Cir. 2007) (in "a class action, standing is
7 satisfied if at least one named plaintiff meets the
8 requirements."). Standing is "jurisdictional and not subject to
9 waiver." Lewis, 518 U.S. at 349. Because Plaintiff does not
10 allege that she herself received or signed an offer to settle,
11 she lacks standing to bring the eighth cause of action. Thus,
12 the eighth cause of action is dismissed. The Court grants leave
13 to amend to renew this claim if Plaintiff timely joins a named
14 co-plaintiff who suffered the injury described in the eighth
15 cause of action. This dismissal also does not preclude Plaintiff
16 from bringing a motion for corrective action to protect the
17 rights of potential class members, which Plaintiff appears to
18 have done. See Docket No. 24.

19 II. Motion for More Definite Statement

20     With respect to the first through seventh and the ninth
21 causes of action, Defendant's motion for a more definite
22 statement pursuant to Rule 12(e) is denied for the reasons given
23 for denying Defendant's motion to dismiss. With respect to the
24 eighth cause of action, Defendant's motion for a more definite
25 statement is denied as moot.

26 CONCLUSION

27     Defendant's motion to dismiss is DENIED with respect to the
28 first through seventh and the ninth causes of action and GRANTED

11

1  without prejudice with respect to the eighth cause of action.
2  The Court grants leave to amend to renew this claim if Plaintiff
3  timely joins a named co-plaintiff who suffered the injury
4  described in the eighth cause of action.  Defendant's motion for
5  a more definite statement is DENIED.
6       IT IS SO ORDERED.

8  Dated: March 28, 2018         
                                  CLAUDIA WILKEN
                                  United States District Judge