1  **THIERMAN BUCK LLP**
   **MARK R THIERMAN, Bar No. 072913**
2  **JOSHUA D. BUCK, Bar No. 258325**
   **LEAH L. JONES, Bar No. 276448**
3  **7287 Lakeside Drive**
   **Reno, NV 89511**
4  **Telephone:    775.284.1500**
   **Fax No.:       775.703.5027**
5

6  **Attorneys for Plaintiff**
   **KAREN MARTINEZ AND THE CLASS**
7

8

9                    **UNITED STATES DISTRICT COURT**

10                 **NOTHERN DISTRICT OF CALIFORNIA**

11                        **OAKLAND DIVISION**

12

13

14  **KAREN MARTINEZ, on behalf of herself**     | Case No.  **4:17-cv-05779-CW**
    **and all other similarly situated individuals.**
15                                                 | **CLASS ACTION**
                        **Plaintiff,**
16                                                 | **Hon. Claudia Wilken**
        v.
17                                                 | **DECLARATION OF JARROD SALINAS**
    **JOHN MUIR HEALTH, and DOES 1**               | **REGARDING NOTICE AND**
18  **through 50, inclusive,**                      | **SETTLEMENT ADMINISTRATION**

19                      **Defendants.**             | **Date:  June 18, 2019**
20                                                  | **Time: 2:30 pm**
                                                    | **Place:  Courtroom 6**
21

22

23

24

25

26

27

28

**DECLARATION OF JARROD SALINAS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION**

1

## DECLARATION OF JARROD SALINAS

2

I, JARROD SALINAS, declare the following facts to be true and correct and if called as a witness

3

would testify competently to the same:

4

        1.      I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims

5

administrator in the above-entitled action. My business address is 3194-C Airport Loop Drive, Costa

6

Mesa, CA 92626. My telephone number is (714) 640-5643. I am over 21 years of age and authorized

7

to make this declaration on behalf of Simpluris and myself.

8

        2.      Simpluris is a class action Settlement Administration Company headquartered in

9

Costa Mesa, California. It was founded by individuals who have each managed hundreds of

10

Settlements along with professionals in the areas of software development, third-party claims

11

administration, mail-house operations and call center support management.

12

        3.      Simpluris was appointed by the Court as Settlement Administrator to administer the

13

Settlement in accordance with the terms of the Class Action Settlement Agreement entered into by

14

the parties on or about May 10, 2019, (the "Settlement"). Simpluris has been responsible, among

15

other things, for: (a) printing and mailing the Notice of Pendency of Class Action Settlement and

16

Final Hearing Date ("Class Notice"); (b) receiving undeliverable Notice Packets; (c) posting an

17

informational website; (d) receiving and validating requests for exclusion; (e) and answering

18

questions from Class Members. If the Court grants final approval of the Settlement, Simpluris will

19

be responsible, among other things, for: (f) calculating individual Settlement payments, distributing

20

funds, and tax-reporting following final approval; (g) mailing Settlement checks; (h) and for such

21

other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

22

## NOTIFICATION TO THE CLASS

23

        4.      On June 24, 2019, Simpluris received the Court-approved Class Notice from

24

Plaintiffs' Counsel. The Class Notice advised Class Members of their right to opt out from the

25

Settlement, object to the Settlement, or do nothing, and the implications of each such action. The

26

Class Notice advised Class Members of applicable deadlines and other events, including the Final

27

Approval Hearing, and how Class Members could obtain additional information. The Class Notice

28

was pre-printed with the name and address of the Class Member, hours worked used to calculate

his/her estimated Settlement share, and instructions for challenging the hours worked.  A sample Notice Packet is attached hereto as **Exhibit A**.

5.    On August 2, 2019, Counsel for Defendant provided Simpluris with a mailing list containing the name, last known address, Social Security Number, and pertinent employment information during the Class Period for the Class Members.  The Class List contained data for 6,498 unique Class Members.

6.    The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notice Packets.

7.    On August 16, 2019, after updating the mailing addresses through the NCOA, Notice Packets were mailed via First Class Mail to 6,498 Class Members contained in the Class List.

8.    After the initial notice mailing, 114 individuals contacted Simpluris to request inclusion in the Settlement Class.  Information regarding the self-identifying Class Members was forwarded to Defense Counsel for research to determine if they should be included in the Settlement Class.  It was determined that 32 should be added because they were inadvertently excluded from the original Class List.  Simpluris promptly mailed Notice Packets to these added Class Members and gave them 45 days to opt out or file an objection.  It was determined that the remaining 78 were correctly excluded from the Class List for a variety of reasons:

- 32 did not make an entry into the EPIC or MIDAS systems during the Class Period.
- 6 did not hold a non-exempt position with John Muir Health or John Muir Physicians Network during the Class Period.
- 40 were not employed by John Muir Health or John Muir Physicians Network, but rather were employed by distinct entities not party to this lawsuit.

9.    After adding the accepted self-identifying Class Members, the total Class Size is 6,530.

**DECLARATION OF JARROD SALINAS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION**

10.     As of this date, 5 Class Members disputed Defendant's records that were pre-printed on their Class Notice.  Simpluris alerted Defendant and Defendant sent Simpluris an accounting of the 5 Class Members' hours worked. Simpluris reviewed the data provided by Defendant and resolved the disputes. The disputes resulted in a total of 6,729.86 hours being added to the 35,645,567.11 hours provided in the original Class Member data.

11.     If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis.  Simpluris used the Class Member's name, previous address and Social Security Number to locate a current address.   Through the advanced address searches, Simpluris was able to locate 518 updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses.  Ultimately, 36 Class Member's Notices were undeliverable because Simpluris was unable to locate a current address.

## EXCLUSIONS AND OBJECTIONS

12.     As of this date, Simpluris received 8 requests for exclusion from the Settlement.  The 8 valid requests for exclusion represents 0.12% of the Settlement Class.

13.     As of this date, Simpluris has received 1 objection.

## BREAKDOWN OF SETTLEMENT FUND

14.     As of this date, there are 6,522 Participating Class Members who will be paid their portion of the Net Settlement Amount, estimated to be $6,682,751.00.  The Net Settlement Amount available to pay Participating Class Members was determined as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | **$9,500,000.00** |
| Less Attorneys' Fees | -$2,375,000.00 |
| Less Attorneys' Costs | -$   35,000.00 |
| Less Settlement Administration | -$   35,999.00 |
| Less Plaintiff Service Awards | -$   15,000.00 |
| Less PAGA Penalties | -$  356,250.00 |
| **NET SETTLEMENT FUND** | $6,682,751.00 |

**DECLARATION OF JARROD SALINAS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION**

As of this date, the *highest* Settlement Share to be paid is approximately $5,366.53 and the *average* Settlement Share to be paid is approximately $1,024.65.

## ADMINISTRATION COSTS

15.     Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $35,999.00.  Simpluris' work in connection with this matter will continue with the calculation of the Settlement checks, issuance and mailing of those Settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 30th day of October, 2019, at Costa Mesa, CA.

_____
Jarrod Salinas

**DECLARATION OF JARROD SALINAS REGARDING NOTICE AND SETTLEMENT ADMINISTRATION**

# EXHIBIT A

**NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND FINAL HEARING DATE**

*Martinez v. John Muir Health*, **United States District Court for the Northern District of California, Case No. 4:17-cv 05779-CW**

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.
PLEASE READ THIS NOTICE CAREFULLY.**

«Barcode»    «BarcodeString»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «Abbrev»  «Zip»

| **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **Do Nothing and Receive a Payment** | To receive a cash payment from the Settlement, you do **not** have to do anything. |
| | **Your estimated Settlement Share is: $«MERGED_EstSettAmnt_CALC». See the explanation below.** |
| | After final approval by the Court, the payment will be mailed to you at the same address as this Class Notice. If your address has changed, please notify the Settlement Administrator as explained below. In exchange for the settlement payment, you will release your California and FLSA claims against the Defendant as detailed below. |
| **Exclude Yourself** | If you wish to exclude yourself from the Settlement and ***not*** release your California and FLSA claims, you must send a written request for exclusion to the Settlement Administrator as provided below. If you request exclusion, you will receive **no money from the Settlement.** |
| **Object** | You may write to the Court about why you do not like the settlement. Directions are provided below. |

## I.    WHY DID I GET THIS NOTICE?

A proposed class action settlement (the "Settlement") of this lawsuit pending in the United States District Court for the Northern District of California (the "Court") has been reached between Plaintiff Karen Martinez ("Plaintiff") and Defendant John Muir Health ("Defendant"). The Court has granted preliminary approval of this Settlement. **You may be entitled to receive some money from this Settlement.**

**You have received this Class Notice because you have been identified as a member of the Class, which is defined as:**

> All individuals who were employed by Defendant John Muir Health or its affiliate, John Muir Physicians Network, in California during the Class Period, who worked at least one shift as a non-exempt employee in California during the Class Period, and who, according to Defendant's records, made at least one entry into the EPIC or MIDAS electronic systems during the Class Period.

The "Class Period" is the period of time running from October 13, 2012, and ending on June 18, 2019.

This Class Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Notice carefully as your rights may be affected by the Settlement.

## II.    WHAT IS THIS CLASS ACTION LAWSUIT ABOUT?

On October 6, 2017, Plaintiff filed a Complaint against Defendant in the Federal District Court for the Northern District of California, Case No. 3:17-CV-05779-JSC. This Complaint alleged claims for: (1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et seq.; (2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; (3) Failure to Pay Minimum Wages in Violation of the California Labor Code; (4) Failure to Pay Overtime Wages in Violation of the California Labor Code; (5) Meal and Rest Violations; (6) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code; (7) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; (8) Violating Private Attorney Generals Act; and (9) Unfair Business Practices. On December 1, 2017, Plaintiff filed a First Amended Complaint, re- numbered as 4:17-CV-05779-CW, alleging additional details in support of Plaintiff's causes of action. On April 11, 2018, Defendant filed its Answer denying Plaintiff's allegations and asserting 37 affirmative defenses to the First Amended Complaint.

The Action generally involves claims that Defendant John Muir Health:

- Failed to properly pay hourly employees for overtime
- Failed to provide hourly employees with proper meal and rest breaks
- Failed to provide proper itemized wage statements to hourly employees
- Failed to provide hourly employees with all earned wages at the end of their employment

On October 31, 2018, the Parties participated in an all-day mediation with Mark Rudy, a respected mediator of wage and hour class actions. At the mediation, the Parties were unable to agree to settle the Action. As a result, the mediator made a mediator's proposal which was accepted by the Parties resulting in this Settlement. The Court granted preliminary approval of the Settlement on June 18, 2019. At that time, the Court also preliminarily approved the Plaintiff to serve as the Class Representative, and Mark R. Thierman, Joshua D. Buck, and Leah L. Jones, of Thierman Buck LLP to serve as Class Counsel.

Defendant denies that it did anything wrong and asserts that it has fully complied with all employment and labor laws. Defendant has entered into the Settlement solely for the purpose of resolving the Action.

## III.    WHAT DOES THE SETTLEMENT PROVIDE?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at https://thiermanbuck.com/john-muir-adv-martinez/, by contacting class counsel at info@thiermanbuck.com or (775) 284-1500, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California located at 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

Gross Settlement Amount. Defendant has agreed to pay an "all in" amount of Nine Million Five Hundred Thousand Dollars ($9,500,000) (the "Gross Settlement Amount") to fund the settlement. The Gross Settlement Amount includes the payment of all Settlement Shares to Participating Class Members, Class Counsel's attorneys' fees and costs, the expenses of the Settlement Administrator, the State of California's Labor and Workforce Development Agency (LWDA) Payment, and the Class Representative Service Payment to the Plaintiff.

After the Judgment becomes Final, Defendant will pay the Gross Settlement Amount by depositing the money with the Settlement Administrator.

Amounts to be Paid From the Gross Settlement Amount. The Settlement provides for certain payments to be made from the Gross Settlement Amount, which will be subject to final Court approval, and which will be deducted from the Gross Settlement Amount before settlement payments are made to Class Members, as follows:

Settlement Administration Expenses. Payment to the Settlement Administrator, estimated not to exceed $42,000.00, for expenses, including expenses of sending this Class Notice, processing opt outs, and distributing settlement payments.

Attorneys' Fees and Costs. Payment to Class Counsel of an award of a Class Counsel Fees Payment of no more than $2,375,000 (1/4 of the Gross Settlement Amount), and a Class Counsel Costs and Expenses Payment for all expenses incurred as documented in Class Counsel's billing records, both subject to Court approval. Class Counsel has been prosecuting the Action on behalf of Plaintiff and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

Class Representative Service Payment. Class Representative Service Payment of up to $15,000.00 to the Plaintiff, or such lesser amount as may be approved by the Court, to compensate her for services on behalf of the Class in initiating and prosecuting the Action, and for the risks she undertook.

LWDA Payment. A payment of $475,000.00 relating to Plaintiffs' claim under the Private Attorney General's Act ("PAGA"), $356,250.00 of which will be paid to the LWDA and the remaining $118,750.00 will be distributed to Participating Class Members as part of the Net Settlement Amount.

Calculation of Payments to Participating Class Members. After all the above payments of the court- approved Class Counsel Fees Payment, Class Counsel Costs and Expenses Payment, the Class Representative Service Payments, the LWDA Payment, and the Settlement Administration Expenses are deducted from the Gross Settlement Amount, the remaining portion, called the "Net Settlement Amount," shall be distributed to class members who do **not** request exclusion ("Participating Class Members"). The Settlement Share for each Participating Class Member will be calculated by determining the total number of recorded hours worked by each Settlement Class Member during the Class Period in a non-exempt position ("Individual Total Hours Worked") from Defendant's records. The sum of all Settlement Class Members' Individual Total Hours Worked shall be the "Aggregate Hours Worked" by the Settlement Class Members. The amount of the Class Member Allocation shall

be divided by the Aggregate Hours Worked to yield the "Per Hour Rate." Each Settlement Class Member's Individual Payment Amount shall be the product of their Individual total Hours Worked multiplied by the Per Hour Rate.

**If the Settlement is approved by the Court, you will automatically be mailed a check for your Settlement Share to the same address as this Class Notice. You do not have to do anything to receive a payment.** If your address has changed, you must contact the Settlement Administrator to inform them of your correct address to insure you receive your payment.

Tax Matters. Neither Class Counsel nor Defendant's counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement and entering judgment.

## IV.    WHAT AM I GIVING UP IN EXCHANGE FOR THE SETTLEMENT PAYMENT?

Released Class Claims. In exchange for the settlement payment being provided, each member of the Class who does not submit a request for exclusion (discussed in Section VII below) will release and discharge Defendant and the Release Parties for all claims arising or accruing during the Class Period that were pleaded in the Complaint or that could have been pleaded in the Action, based on the factual allegations contained in the Complaint.

Accordingly, the Released Claims include all claims that Defendant: (1) violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207(a), by failing to pay overtime to Plaintiff and the Class Members; (2) violated California Labor Code Sections 558, 1179.1, 1194, 1194.2(a) and 1197 by failing pay to minimum wages to Plaintiff and the Class Members (including the alleged failure to pay for all hours worked and pay the proper minimum wage for all hours worked); (3) violated California Labor Code Sections 510, 558 and 1198 by failing to pay overtime to Plaintiff and the Class Members (including the alleged failure to pay for all overtime hours worked and to pay a proper overtime rate for overtime hours worked); (4) violated California Labor Code Sections 226.7 and 512 and corresponding provisions of the Industrial Welfare Commission Wage Order by failing to provide meal and rest periods to Plaintiff and the Class Members and/or failing to pay meal and rest period premiums owed to Plaintiff and the Class Members; (5) violated California Labor Code Sections 226 and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members; (6) violated California Labor Code Sections 201, 202 and 203 by failing to pay all wages due upon separation of employment to Plaintiff and the Class Members; (7) violated the Private Attorneys General Act ("PAGA"), found at California Labor Code Sections 2698-2699.5, through each of the foregoing alleged violations of California law; (8) violated Sections 202(a) and 216(b)-(c) of the FLSA by entering into individual settlement agreements with some of the Class Members; and (9) engaged in unfair competition in violation of California Business & Professions Code Sections 12700, et seq., through each of the foregoing alleged violations of California law.

The Released Claims include all claims that could have been pleaded based on the factual allegations contained in the Complaint, such as: Defendant did not pay the Class for all "hours worked" under California law and the FLSA; Defendant did not pay the Class for all overtime hours worked and/or failed to compensate all overtime hours worked at a proper overtime rate of pay; Defendant did not properly include bonuses and other incentive compensation in the "regular rate" for wage payment purposes; Defendant interrupted employees' meal and rest breaks, provided short or late meal or rest breaks and/or did not provide the opportunity to take meal or rest breaks; Defendant did not specify an accurate number of hours worked or an accurate regular rate on wage statements and/or did not provide other required wage statement information; and Defendant did not pay all final wages due to employees upon separation of employment, given additional wages due and owing in light of the Complaint's off-the-clock, overtime, regular rate and/or meal/rest break claims.

By participating in the Action and accepting the settlement payment, you will not be able to make a claim or file a lawsuit for any of the claims above.

A copy of the full release language that you are agreeing to under the Settlement can be found in paragraph 10 of the Settlement Agreement which can be found online at https://thiermanbuck.com/john-muir-adv-martinez/.

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement and entering judgment.

## V.    HOW MUCH WILL MY PAYMENT BE?

**Defendant's records reflect that you have «MERGED_HoursWorked» hours worked during the Class Period (October 13, 2012 to June 18, 2019).**

**Based on this information, your estimated Settlement Share is $«MERGED_EstSettAmnt_CALC».**

If you wish to challenge the information set forth above, then you must submit a written, signed dispute challenging the information along with supporting documents, to the Settlement Administrator at Martinez v. John Muir Health, P.O. Box 26170, Santa Ana, CA 92799, (888) 406-4986, no later than September 30, 2019.

## VI.   HOW CAN I GET A PAYMENT?

**To get money from the settlement, you do not have to do anything.** A check for your settlement payment will be mailed automatically to the same address as this Class Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is: Martinez v. John Muir Health, P.O. Box 26170, Santa Ana, CA 92799, (888) 406-4986.

The Court will hold a hearing on November 19, 2019 to decide whether to approve the Settlement. If the Court approves the Settlement and there are no objections or appeals, payments will be mailed within a few months after this hearing. If there are objections or appeals, resolving them can take time, perhaps more than a year. Please be patient.

## VII.   WHAT IF I DON'T WANT TO BE A PART OF THE SETTLEMENT?

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out." If you do not wish to release your FLSA claims, you must opt-out of the Settlement. **If you opt out, you will receive NO money from the Settlement, and you will not be bound by its terms.**

To opt out, you must submit to the Settlement Administrator, by First Class Mail, a written, signed and dated request for exclusion postmarked no later than September 30, 2019. The address for the Settlement Administrator is Martinez v. John Muir Health, P.O. Box 26170, Santa Ana, CA 92799, (888) 406-4986. The request for exclusion must state in substance: "I have read the Class Notice and I wish to opt out of the class action and settlement of the case *Martinez* v. *John Muir Health*, Case No. 4:17-CV-05779-CW." The request for exclusion must contain your name, address, signature and the last four digits of your Social Security Number for verification purposes. The request for exclusion must be signed by you. No other person may opt out for a member of the Class.

## VIII.   HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

Any Class Member, who has not opted out and believes that the Settlement should not be finally approved by the Court for any reason, may object to the proposed Settlement. Objections must be in writing and state the Class Member's name, current address, telephone number, and describe why you believe the Settlement is unfair and whether you intend to appear at the final approval hearing. All objections or other correspondence must also state the name and number of the case, which is *Martinez* v. *John Muir Health,* District Court for the Northern District of California, Case No. 4:17-CV-05779-CW.

To object to the Settlement, you must not opt out. If the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided in this Class Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Martinez* v. *John Muir Health*, Case Number 4:17-CV-05779-CW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before September 30, 2019.

The addresses for the Parties' Counsel are as follows:

| **Class Counsel:** | **Counsel for Defendant:** |
|---|---|
| Mark Thierman | Robert Hulteng |
| Joshua Buck | Lisa Horgan |
| Leah Jones | William Cosmopulos |
| Thierman Buck LLP | Littler Mendelson, P.C. |
| 7287 Lakeside Drive | 333 Bush Street, 34th Floor |
| Reno, NV 89511 | San Francisco, CA 94104 |
| Tel: 775.284.1500 / Fax: 775.703.5027 | |
| Email: info@thiermanbuck.com | |

## IX.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at 2:30 p.m. on November 19, 2019, in Courtroom 6 before Judge Claudia Wilken at the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The purpose of this hearing is for the Court to determine whether to grant final approval to the Settlement. If there are objections, the Court will consider them. The Court will listen to people who have made a timely written request to speak at the hearing. This hearing may be rescheduled by the Court without further notice to you. You may check the settlement website identified in Section III above or the Court's PACER site to confirm that the date has not been changed. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND FINAL HEARING DATE

«Barcode»
«BarcodeString»                                                                                     SIMID  «SIMID»

**X.     HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?**

You may call the Settlement Administrator at (888) 406-4986 or write to Martinez v. John Muir Health, P.O. Box 26170, Santa Ana, CA 92799; or contact Class Counsel at (775) 284-1500.

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may receive a copy of the Settlement Agreement, the Final Judgment or other Settlement documents by writing to Class Counsel, or by going to https://thiermanbuck.com/john-muir-adv-martinez/.

**PLEASE <u>DO NOT</u> CALL THE COURT ABOUT THIS NOTICE.**

IMPORTANT:

- You must inform the Settlement Administrator of any change of address to ensure receipt of your settlement payment.

- Settlement checks will be null and void 365 days after issuance if not deposited or cashed. In such event, the Settlement Administrator shall pay all funds from such uncashed checks *cy pres* to La Clinica, www.laclinica.org. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

«Barcode»
«BarcodeString»                                                                                                    SIMID «SIMID»