UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAREN MARTINEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN MUIR HEALTH,<br><br>        Defendant. | Case No. 4:17-cv-05779 CW<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD<br><br>(Dkt. Nos. 72, 76) |

On November 19, 2019, the Court considered Plaintiff's unopposed motion for final approval of a class action settlement, and unopposed motion for attorneys' fees, costs, and a service award. Counsel for Plaintiff and Defendant appeared at the hearing. Having fully considered the motions, comments of counsel, and all supporting legal authorities, the Court ORDERS as follows:

    1.    This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over Plaintiff, all settlement class members, and Defendant.

    2.    The Court adopts the defined terms in the Settlement Agreement, Docket No. 62-1.

1  3. The Court finally certifies, for settlement purposes
2 only, the settlement class, which includes:

3 > All individuals who were employed by Defendant John Muir Health or its affiliate, John Muir Physicians
4 > Network, in California during the Class Period, who worked at least one shift as a non-exempt employee in
5 > California during the Class Period, and who, according to Defendant's records, made at least one entry into
6 > the EPIC or Midas electronic systems during the Class Period.
7

8  The Court finds, for the purposes of settlement only, that
9 the settlement class satisfies the certification requirements of
10 Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure
11 because: (a) the number of settlement class members is so numerous
12 that joinder of all members is impracticable; (b) there are
13 questions of law and fact common to the settlement class; (c) the
14 claims of Plaintiff are typical of the claims of the settlement
15 class she seeks to represent; (d) Plaintiff and Class Counsel have
16 and will fairly and adequately represent the interests of the
17 settlement class; (e) the questions of law and fact common to the
18 members of the settlement class predominate over any questions
19 affecting only individual settlement class members; and (f) a
20 class action is superior to other available methods for the fair
21 and efficient adjudication of the controversy. The settlement
22 class includes 6,522 members. <u>See</u> Salinas Decl. ¶ 14, Docket No.
23 76-1.

24  4. Distribution of the Notice and the Exclusion Form
25 directed to the settlement class members as set forth in the
26 Settlement Agreement and the other matters set forth therein

1 have been completed in conformity with the Preliminary Approval
2 Order, Docket No. 70, including individual notice to all
3 settlement class members who could be identified through
4 reasonable effort, and as otherwise set forth in the Settlement
5 Agreement.  The Notice provided due and adequate notice of the
6 proceedings and of the matters set forth therein, including the
7 terms of the proposed Settlement Agreement, to all persons
8 entitled to such a Notice, and the Notice fully satisfied the
9 requirements of due process.  All settlement class members and
10 all Released Claims are covered by and included within the
11 Settlement Agreement and this Final Order and Judgment.
12      5.   The Court grants final approval to the Settlement
13 Agreement and finds that the Settlement Agreement is fair,
14 reasonable, and adequate in all respects, including the Class
15 Representative Service Award, Class Counsel fees and costs, and
16 fees for settlement administration.  The Court specifically
17 finds that the Settlement Agreement confers a substantial
18 benefit to settlement class members, considering the strength of
19 Plaintiff's claims and the risk, expense, complexity, and
20 duration of further litigation.  The Court finds that the
21 settlement is the result of arm's-length negotiations between
22 experienced counsel representing the interests of both sides,
23 which supports approval of the Settlement Agreement in
24 accordance with the standards set forth in the motion for final
25 approval of the settlement.  Settlement negotiations were not

1 commenced until both sides had thoroughly investigated and
2 researched the claims and defenses herein.
3     6.   The response of the settlement class members supports
4 granting final approval of the settlement.  Only eight class
5 members (.12% of the settlement class) requested exclusion from
6 the settlement.  One settlement class member, Mr. David Buss,
7 objected to the settlement on the ground that the current
8 settlement amount far underestimates the rest breaks that
9 Defendant denied him.  <u>See</u> Docket No. 73.  Mr. Buss filed a
10 letter dated November 13, 2019, in which he clarified the nature
11 of his objection.  In this letter, Mr. Buss "urge[s]" the Court
12 "to approve the proposed settlement with the knowledge that John
13 Muir Health has been violating labor laws without
14 repercussion."[1]  <u>See</u> Docket No. 78.  The Court has considered
15 Mr. Buss' objection and concludes that it does not warrant
16 denying final approval of the Settlement Agreement.  For the
17 reasons discussed herein, the Court concludes that the
18 Settlement Agreement is fair, adequate, and reasonable to the
19 settlement class.  Further, Mr. Buss had an opportunity to
20 exclude himself from the Settlement Agreement to the extent that

---

[1] Mr. Buss initially requested in his objection of September 19, 2019, Docket No. 73, that the Court increase the settlement amount and that the Court appoint a "court officer to monitor" the actions of Defendant and "receive complaints" regarding Defendant's denial of rest breaks.  <u>Id.</u> at 1.  These requests are not included in Mr. Buss' clarification of his objection.  <u>See</u> Docket No. 78.  The Court assumes that Mr. Buss has abandoned these requests.

he is dissatisfied with his expected individual recovery under the terms of the Settlement Agreement.

7.   The Court finds that, as of the date of this Order and Judgment, each settlement class member has waived and shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims, as set forth in the Settlement Agreement and Notice of Class Action Settlement.

8.   The Court confirms the appointment of Karen Martinez as Class Representative and approves her Service Award in the amount of $15,000, as set forth in the Settlement Agreement. Ms. Martinez's Service Award is in recognition of the work she performed in this case and the risks she undertook in becoming a named plaintiff in this litigation. The Court recognizes that Ms. Martinez signed a General Release of all claims in exchange for the Service Award. Ms. Martinez's Service Award is thus adjudged to be fair, adequate, and reasonable.

9.   The Court confirms the appointment of Thierman Buck LLP as Class Counsel for the settlement class and approves their requests for attorneys' fees of $2,375,000 and litigation costs of $35,000. The Court concludes that Class Counsel's requested fees and costs are fair, adequate, and reasonable. In so concluding, the Court takes into account (1) that the requested attorneys' fees represent twenty-five percent of the Total Settlement Amount of $9,500,000, and therefore are consistent with the twenty-five-percent benchmark used in the Ninth Circuit

under the percentage-of-the-fund method; and (2) when cross-checked against the lodestar of $657,341, the requested attorneys' fees represent a multiplier of 3.61, which is a reasonable multiplier in light of the excellent results that Class Counsel achieved on behalf of the settlement class members and the risks they undertook to litigate this action on a contingency basis.

10. The Court confirms the appointment of Simpluris, Inc., as Settlement Administrator and approves the award of administrative fees to Simpluris in the amount of $35,999. The Court finds this amount to be fair, adequate, and reasonable.

11. The Court directs the parties to effectuate the Settlement Agreement's terms and the Settlement Administrator to calculate and pay the claims of the settlement class members in accordance with the Settlement Agreement.

12. The Court further directs the parties to file a Post-Distribution Accounting, pursuant to the model guidelines for Class Action Settlements in this District, no later than twenty-one days following the distribution of all settlement funds.

13. The Court retains jurisdiction to enforce the terms of the Settlement Agreement, including the payment of the settlement fund.

14. The provisions of this Order and Judgment constitute a full and complete adjudication of the matters considered and

adjudged in this action, and the Court directs immediate entry of this Order and Judgment by the Clerk of the Court.

IT IS SO ORDERED.

Dated: November 20, 2019

_____
CLAUDIA WILKEN
United States District Judge